UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCINE SCHNUPP,

               Plaintiff,

vs.       Case No. 2:12-cv-226-FtM-29DNF

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

               Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of a Report and Recommendation (Doc. #26), filed on August 21, 2013, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #27) on August 30, 2013.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

**II.**

Plaintiff raised four issues in her appeal of the Commissioner's adverse decision to the district court: (1) Whether the Administrative Law Judge (ALJ) and Appeals Council properly determined plaintiff's anxiety, depression, and bipolar disorder were not "severe" impairments at Step Two of the sequential evaluation process; (2) Whether the ALJ and the Appeals Council properly weighed the medical and opinion evidence, particularly the opinion of Dr. Young; (3) Whether the ALJ properly evaluated plaintiff's past relevant work and her ability to perform such work; and (4) Whether the Appeals Council properly denied

plaintiff's request for review after the submission of additional evidence. The Report and Recommendation resolved all issues against plaintiff and in favor of the Commissioner. In her objections, plaintiff raises a single assertion of legal error in connection with the resolution of the issue relating to the Appeals Council.

**A.  Portions of Report and Recommendation Accepted**

After a *de novo* review, the Court accepts and adopts the Report and Recommendation as to the first three issues summarized above. As to the issue related to the action of the Appeals Council, the Court, after a *de novo* review, accepts and adopts the portion of the Report and Recommendation finding that all evidence other than the materials from Dr. Richard Sills were outside the relevant time period. There was no erroneous decision by the Commissioner as to these matters.

**B.  Portion of Report and Recommendation Rejected**

The Court rejects the portion of the Report and Recommendation that concludes there must be good cause shown for the submission of additional evidence to the Appeals Council. The Court agrees with plaintiff's Objections that the matter is controlled by <u>Ingram v. Comm'r of Soc. Sec. Admin.</u>, 496 F.3d 1253 (11th Cir. 2007), instead of <u>Cherry v. Heckler</u>, 760 F.2d 1186 (11th Cir. 1987). The medical records from Dr. Sills were properly submitted to the Appeals Council, and because they pertained to the relevant time period,

they cannot be disregarded by the district court. Ingram, 496 F.3d at 1258 ("a federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits.")  Because the Report and Recommendation failed to consider this evidence, the Court will consider the issue *de novo* based upon the entirety of the record.

**C.  Resolution of Appeals Council Issue Re: Dr. Sills**

When a claimant properly presents new evidence to the Appeals Council which is considered, but the Appeals Council denies review, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram, 496 F.3d at 1262.  This requires a district court to determine whether the decision of the Commissioner is supported by substantial evidence on the record as a whole, including the new material submitted to the Appeals Council.  Id. at 1266.

**(a) ALJ's Decision**

At Step Two of the sequential evaluation process, the ALJ found that plaintiff had the "severe" impairments of lumbosacral strain and obesity.  (Tr. 22.)  The ALJ found that certain other impairments were not severe.  (Tr. 22-25.)  As to plaintiff's assertion that her glaucoma was a severe impairment, the ALJ stated: "The claimant testified that she has glaucoma, which causes blurry vision all the time and her eyes hurt.  In the complete

absence of any medical records showing complaints of and/or treatment for related symptoms, it is reasonable to conclude that this condition is not a medically determinable impairment." (Tr. 23.)  The ALJ had previously stated that "[a] medically determinable impairment must be established by medically acceptable clinical and laboratory diagnostic techniques and not solely on the basis of a claimant's allegations regarding symptoms." (Tr. 22-23, citations omitted.)  At the Step Four and Step Five determinations, the ALJ did not consider glaucoma or vision issues at all. (Tr. 25-29.)

**(b) Appeals Council**

The administrative record reflects that the Appeals Council considered the records from Dr. Sills from October 26, 2006, through December 4, 2009. (Tr. 8-12.)  The Appeals Council stated that it "found no reason under our rules to review" the ALJ's decision, and denied plaintiff's request for review. (Tr. 8.)  One of the rules cited by the Appeals Council which would have caused a review was if it had "receive[d] new and material evidence and the decision is contrary to the weight of all the evidence now in the record."  (Tr. 8.)

The newly submitted and considered records (Tr. 554-596) show medical treatment and evaluation for blurry vision, and diagnose at least suspected glaucoma based upon the physical examination of plaintiff's eyes.  The records include a Nerve Fiber Analysis (Tr.

561-63), efforts to obtain free Travatan Z drops for plaintiff, which treat ocular hypertension and open-angle glaucoma (Tr. 564-77), a statement by Dr. Sills that the "[f]ailure to obtain and use the glaucoma drops could result in serious vision loss and possibly blindness" (Tr. 571), physical examination reports (Tr. 583-85, 586-88), a report from Dr. Vinod D. Bhavnani stating plaintiff had early POAG/OC HTN and starting plaintiff on a medication trial (Tr. 586), and a report from Dr. Bhavnani finding plaintiff was a "glaucoma suspect based upon her optic nerve head appearance and IOP's of 24 mm Hg OU today" (Tr. 590).

### (c) Appeals Council Denial Was Erroneous

The newly submitted evidence regarding plaintiff's vision was sufficient to demonstrate that the ALJ's determination at Step Two as to glaucoma was erroneous. At Step Two, plaintiff bore the burden of establishing that her impairment is, in fact, severe. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The ALJ makes a "threshold inquiry" as to the medical severity of the claimant's impairments. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). "[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). An impairment is classified as not severe "only

if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." McDaniel, 800 F.2d at 1031. Additionally, an impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities, i.e., "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a)-(b), 416.921(a)-(b). The claimant's "burden at step two is mild" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. However, a mere showing of a "deviation from purely medical standards of bodily perfection or normality" is insufficient; instead, the claimant must show the effect of the impairment on her ability to work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). An impairment regarding reduced vision, whether glaucoma or not, must be discussed, and if present, evaluated with the assistance of a vocational expert. Francis v. Heckler, 749 F.2d 1562, 1566-67 (11th Cir. 1985).

The additional evidence plaintiff submitted to the Appeals Council from Dr. Sills would have changed the outcome of the ALJ's decision. The ALJ rejected glaucoma out of hand because of the lack of a medically determinable impairment. The new records corrected the omission, and provided objective evidence and records as to the presence of a medically determinable vision impairment

which was sufficient to be considered "severe". The Appeals Council's determination to the contrary was erroneous.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #) is **ACCEPTED IN PART AND REJECTED IN PART**.

2. The Decision of the Commissioner of Social Security is **AFFIRMED** as to all issues other than the refusal of the Appeals Council to consider the new evidence from Dr. Sills.

3. The Decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can consider the new evidence from Dr. Sills at Step Two of the evaluation process and at the subsequent steps in the evaluation process.

4. If plaintiff prevails in this case on remand, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Award Notice awarding benefits.

5. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2013.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record